IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

VS.                              :       NO. **2 : 0 7 cr   0 0 5**
                                          JUDGE

STEVEN L. GRIFFIN

**JUDGE MARBLEY**

## PLEA AGREEMENT

Plaintiff United States of America and Defendant
GRIFFIN hereby enter into the following Plea Agreement pursuant
to Rule 11(c) of the Federal Rules of Criminal Procedure:

1.    Defendant GRIFFIN will enter a plea of guilty to
Count 1 of the Information filed herein which charges him with
conspiracy, in violation of 21 U.S.C. §846.

2.    Defendant GRIFFIN understands the penalty that must
be imposed pursuant to his plea of guilty is a mandatory minimum
term of imprisonment for 10 years, and that the maximum penalty
that may be imposed is a term of life imprisonment, a fine of
$4,000,000, and a term of supervised release of up to 5 years.

3.    Prior to or at the time of sentencing the
defendant will pay to the U.S. Department of Justice a special
assessment in the amount of $100.00 as required in 18 U.S.C.
§3013.

4.    Defendant GRIFFIN agrees to testify truthfully and
completely concerning all matters pertaining to the Information
filed herein and to any and all other illegal narcotics in which

he may have been involved or as to which he may have knowledge. Defendant further agrees to provide a complete statement to authorities of the United States concerning such matters prior to the entry of his guilty plea pursuant to this agreement. Defendant agrees to submit to supplemental debriefings on such matters whenever requested by authorities of the United States, whether before or after his plea is entered.

Pursuant to §1B1.8 of the Federal Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against the defendant in determining the applicable advisory guideline range for sentencing or for departure therefrom.

5. If such plea of guilty is entered, and not withdrawn, and Defendant GRIFFIN acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio agrees not to file additional criminal charges against Defendant GRIFFIN based on the narcotics activities charged in the Information or based on other illegal narcotics activities in the Southern District of Ohio occurring prior to the date of the Information and as to which Defendant gives testimony or makes statements pursuant to this agreement.

6. The defendant is aware that, in light of United States v. Booker, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory and are no longer mandatory.

The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is also aware that any estimate of the probable advisory sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States, or the U.S. Probation Office is a prediction, not a promise, and is not binding on the United States, the U.S. Probation Office or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

7.    Defendant GRIFFIN understands that this agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses as to which he does not make admissions or give truthful information and which the United States discovers by independent investigation. Further, should Defendant GRIFFIN fail to comply fully with the terms and conditions set forth herein or should he fail to appear as required for sentencing, this agreement is voidable at the election of the government, in which case Defendant GRIFFIN shall be subject to prosecution as if the

agreement had never been made.

8. The United States Attorney for the Southern District of Ohio recommends that as of the time of the execution of this Plea Agreement the defendant has accepted responsibility for the offense(s) to which he has agreed to plead guilty. If the defendant continues to accept responsibility through the time of sentencing, the United States will make a motion pursuant to U.S.S.G. §3E1.1(b) stating to the District Court that the defendant has timely notified authorities of his intention to plead guilty.

9. It is agreed that if the Court refuses to accept any provision of this Plea Agreement, neither party is bound by any of its provisions, Defendant GRIFFIN may withdraw his guilty plea, and the United States Attorney for the Southern District of Ohio may seek leave to dismiss the Information without prejudice and may seek identical and additional charges. Defendant GRIFFIN will not object to such dismissal or filing of further charges.

10. The United States Attorney for the Southern District of Ohio further agrees that if defendant provides substantial assistance in the investigation or prosecution of others who have committed criminal offenses, the United States Attorney may move the Court pursuant to 18 U.S.C. §3553(e) and/or §5K1.1 of the advisory Federal Sentencing Guidelines for an appropriate departure from the otherwise applicable guideline

4

range for defendant's sentence and will in connection therewith make known to the Court the nature and extent of defendant's assistance. Defendant understands that the decision to file such a Motion is solely within the discretion of the United States Attorney and that to what extent such Motion should be granted is solely a matter for determination by the Court.

11. By virtue of the defendant pleading guilty to Count 1 of the Information, the defendant understands that he is not a prevailing party as defined by 18 U.S.C. §3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives his right to sue the United States.

12. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties.

$\underline{1-8-07}$
Dated

$\underline{\hspace{3cm}}$
STEVEN L. GRIFFIN
Defendant

$\underline{\hspace{3cm}}$
GERALD T. NOEL, JR.
Attorney for Defendant

GREGORY G. LOCKHART
United States Attorney

$\underline{\hspace{3cm}}$
MARCIA J. HARRIS (0031632)
Assistant United States Attorney

5